# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD TURNER,

        Plaintiff,

vs.

RODGERS,

        Defendant.

Case No. 2:08-cv-01296-PMP-GWF

**ORDER**

    Plaintiff is a state prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis* (#2). This proceeding was referred to this Court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

    Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). An initial partial payment is assessed pursuant to Section 1915(b)(1). After viewing Plaintiff's financial affidavit, Plaintiff's current account balance is $0.00; Plaintiff's average six month balance is $0.00; and Plaintiff's average monthly deposits are $0.00. Plaintiff is not required to make an initial partial payment at this time; however, Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

    This Court must examine the complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of it, if it is frivolous,

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). What is more, the Court cannot require defendants to reply to such complaints without first determining plaintiff has a reasonable opportunity to prevail on the merits of his claims. 42 U.S.C. § 1997e(g).

In reviewing the complaint to determine if it states a claim for relief, the court will construe plaintiff's pleading liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court will not dismiss a complaint without first identifying the deficiencies and giving plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

But before the undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases).

## BACKGROUND

In his Complaint (#1), Plaintiff alleges that on January 17, 2008, he was returning from medical when Correctional Officer Nixon stopped and searched Plaintiff. Plaintiff further alleges that Correctional Officer Nixon accused Plaintiff of being "out of bounds." Plaintiff alleges that he showed Defendant Sergeant Rodgers his medical card, wherein Defendant Rodgers placed him in administrative segregation for two (2) hours. Plaintiff alleges that he suffers from "leg and arm prosthesis" pursuant to the American Disability Act. As a result of Defendant Rodgers' actions, Plaintiff alleges that he suffers from constant pain.

## DISCUSSION

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in

support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff filed his Complaint (#1) on the court's civil rights complaint form for actions pursuant to 42 U.S.C. § 1983. After viewing the Complaint (#1), the Court finds that Plaintiff's allegations do not amount to be a proper claim under 42 U.S.C. § 1983. The Court will give Plaintiff an opportunity to amend the complaint to cure its deficiencies, and give Plaintiff some guidance in this regard. There are two basic elements that a plaintiff is required to allege to have a claim under § 1983. First, plaintiff must allege that someone has deprived him of a right guaranteed to him by the federal constitution. The second is that the person who deprived him of that right acted under color of state law. Some of these rights are: the right to free speech under the First Amendment, the right to due process under the Fifth Amendment, and the Fourteenth Amendment right to equal protection. These rights are usually violated by some action that discriminates against a person on the basis of race, gender, religion, national origin or denies one free speech.

Once the plaintiff alleges that his or her federal rights have been violated, then a plaintiff must show that those rights were violated by a *person* acting under color of *state* law. This means that plaintiff must name a person as a defendant in the complaint and that person must have acted under what is called "color of state law." Persons acting under color of state law typically include officials who in some capacity represent either the state, city, or county government. *See Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d. 492 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663, 98 S.Ct. 2018, 2021 (1978). For purposes of bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can

also include a municipality such as a town, city, or one of its bodies such as the police or fire department. *Monell*, 436 U.S. at 663, 98 S.Ct. at 2021. The Supreme Court has found that state agencies are not "persons" for § 1983 purposes. *See Will v. Michigan Dept. State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 108 L.Ed.2d 45 (1989). Private persons who are not government officials may also be sued, but they and their actions must be very closely tied to the government in order to be considered "acting under color of state law." *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). Under the doctrine of sovereign immunity, a state, which includes state agencies, cannot be sued for money damages under §1983 and may be sued only for prospective relief such as an injunction. *Will v. Michigan Dept. State Police*, 491 U.S. 58, 70-71 n.10, 109 S.Ct. 2304, 2312, 108 L.Ed.2d 45 (1989).

After viewing Plaintiff's Complaint (#1), the Court finds that Plaintiff's claims against Defendant do not allege that a federal constitutional right was violated by a government official when Plaintiff was accused of being "out of bounds" and was placed in administrative segregation for two (2) hours. In his Complaint (#1), Plaintiff has not alleged that any of his constitutional rights were violated by Defendant. Because Plaintiff has not alleged that his constitutional rights were violated by a person acting under the color of law, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and the complaint will be dismissed with leave to amend pursuant to 28 U.S.C. 1915(e)(2); *Franklin v. Murphy*, 745 F.2d 1226-1228 (9th Cir. 1984).

The screening of Plaintiff's Complaint (#1) has been completed pursuant to 28 U.S.C. §1915A. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* (#2) is granted.

**IT IS FURTHER ORDERED** that all payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1) is **dismissed** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30) days** from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted

1 deficiencies.  Failure to comply with this Order will result in a recommendation that this action be
2 dismissed with prejudice.
3      DATED this 28th day of January, 2009.

                                               *George Foley Jr.*
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**