# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD TURNER,

        Plaintiff,

vs.

RODGERS,

        Defendant.

Case No. 2:08-cv-01296-PMP-GWF

**ORDER**

Motion to Accept Amended Complaint and Motion for Appointment of Counsel (Dkt. #29)

This matter is before the Court on Plaintiff's Motion for the Court to Accept Plaintiff's Amended Complaint and Motion for Appointment of Counsel (Dkt. #29), filed on July 10, 2009.

In response to the Court's Order (Dkt. #21) dismissing Plaintiff's Complaint without prejudice for failure to state a claim, Plaintiff filed a two paragraph letter to the Court entitled "Amended Complaint". Plaintiff misunderstands the process of amending a complaint. An amended complaint replaces the previous complaint and, once filed, the Court will no longer consider the allegations or claims in the initial complaint. Therefore, to amend a complaint in response to a Court order, a plaintiff must file a self-contained amended complaint, which identifies all parties and claims for relief in the matter. Plaintiff's filing of an additional allegation in the form of a letter is insufficient to accomplish amendment of his complaint.

In addition, Plaintiff's motion included a request that counsel be appointed to represent him in this matter. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional

circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff can adequately articulate his claims. *Id.* Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for the Court to Accept Plaintiff's Amended Complaint and Motion for Appointment of Counsel (Dkt. #29) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have **thirty (30) days** from the date of the entry of this order to submit a proposed amended complaint identifying all parties and claims for relief in this action. The Court will then screen Plaintiff's proposed amended complaint pursuant to 28 U.S.C. §1915A.

DATED this 17th day of July, 2009.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**