# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD TURNER,

                Plaintiff,

vs.

SGT. RODGERS,

                Defendant.

Case No. 2:08-cv-01296-PMP-GWF

**ORDER**

     This matter is before the Court on Plaintiff's Amended Complaint (Dkt. #34), filed September 11, 2009. Pursuant to 28 U.S.C. § 1915A(a), the Court will now screen Plaintiff's Amended Complaint.

## DISCUSSION

**I.   Background**

     In his Amended Complaint (Dkt. #34), Plaintiff Leonard Turner alleges that on January 17, 2008, Defendant Sgt. Rodgers placed him in administrative segregation for two (2) hours. During the two (2) hours of detention, Plaintiff alleges that he was forced to stand in a security cage, measuring two (2) feet by seven (7) feet, and was not provided a chair, water or a restroom break. (*Id.* at 2). The Amended Complaint states that prison officials had been previously notified of Plaintiff's medical condition, which limits him to standing for no more than five (5) minutes at a time. Plaintiff claims that, by requiring him to stand for two (2) hours, Defendant Rodgers disregarded Plaintiff's medical issues with deliberate indifference. (*Id.*) As a result of Defendant Rodgers' actions, Plaintiff alleges that now he suffers from constant foot pain and has to have Cortizone shots for the pain. (*Id.*)

Based on the facts alleged above, Plaintiff claims that Defendant Sgt. Rodgers' alleged deliberate indifference to Plaintiff's medical limitations constituted a violation of the Eighth Amendment prohibition on cruel and unusual punishment under 42 U.S.C. § 1983.

## II.  Screening of the Amended Complaint

### A.  Screen Standard Pursuant to 28 U.S.C. § 1915A

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B.     Eighth Amendment Claim

Plaintiff's Amended Complaint states a claim under 42 U.S.C. § 1983 for violation of the Eighth Amendment's protection against cruel and unusual punishment.  "Deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983" for violation of the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety".  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187-88 (9th Cir. 2002).  "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837.

The Court finds that Plaintiff has sufficiently stated an Eighth Amendment claim upon which relief may be granted.  The Amended Complaint alleges that prison officials were aware of Plaintiff's medical limitations when Defendant Rogers placed Plaintiff in administrative detention.  As a result, Plaintiff may be able to draw the inference that Defendant Rodgers was aware of Plaintiff's physical limitations and the substantial harm that could result from having Plaintiff stand for two (2) hours in administrative detention without a chair or other means to sit.  These allegations carry sufficient weight to plead a claim of deliberate indifference due to Plaintiff's allegation that Defendant Rodgers and the prison administration "[knew] of and disregard[ed] an

excessive risk to inmate . . . safety". *See Farmer*, 511 U.S. at 837.  Therefore, the Court will allow Plaintiff to proceed with this action based on the Eighth Amendment cruel and unusual punishment through deliberate indifference claim stated in his Amended Complaint.  (Dkt. #34).

The screening of Plaintiff's Amended Complaint (Dkt. #34) has been completed pursuant to 28 U.S.C. §1915A.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff may proceed with this action based on the Eighth Amendment claims stated in his Amended Complaint (Dkt. #34).

DATED this 25th day of November, 2009.

_____
**GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE**